IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE LEE SMITH, TDCJ-CID # 924776, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-1831 |
| DOUG DRETKE, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Freddie Lee Smith, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus (Docket Entry No. 1) challenging a state court conviction for a felony offense. The respondent has filed a Motion for Summary Judgment (Docket Entry No. 8), supported by state court records, stating that the habeas petition is time barred pursuant to 28 U.S.C. § 2244(d). Smith has filed a response. After reviewing the pleadings and the records, the court has determined that this action should be **DISMISSED**.

### I. Procedural History and Claims

Smith was convicted of possession of a controlled substance and was sentenced to seventy-five years in the TDCJ-CID. *State v. Smith*, No. 822266 (183rd Dist. Ct., Harris County, Tex., May 8, 2000). Smith appealed his conviction, and the Court of Appeals for the First Judicial District of Texas affirmed the judgment. *Smith v. State*, No. 01-00-00690-CR, 2001 WL 1137289 (Tex. App. -Houston [1st Dist.] Sept. 27, 2001). Smith did not file a petition for discretionary review (PDR)

challenging the appellate court's decision. *See* Docket Entry No. 1, at 3; *see also* First Court of Appeals Website, (http://www.1stcoa.courts.state.tx.us/).

On June 9, 2003, Smith filed a state application for a writ of habeas corpus challenging his aggravated robbery conviction. Docket Entry No. 1, at 3. The Texas Court of Criminal Appeals denied the application without a written order on the findings of the trial court without a hearing on October 29, 2003. *Id*. at 4; *see also* Texas Court of Criminal Appeals Website, (http://www.cca.courts.state.tx.us/). Smith executed the current federal habeas petition on April 28, 2004.

In this habeas action, Smith contends that:

1.  There was insufficient evidence to support the conviction:

2.  The results of the urinalysis should have been suppressed;

3.  The enhancement paragraph in the indictment was invalid; and

4.  Smith's attorney was ineffective because he:

    a.  Failed to investigate the case;
    b.  Failed to conduct pretrial discovery;
    c.  Failed to file a motion to suppress and a motion in limine;
    d.  Failed to file a motion to quash the indictment;
    e.  Failed to prepare a defense;
    f.  Failed to contest the finality of his prior convictions;
    g.  Failed to interview the arresting officer; and
    h.  Failed to call as a witness a doctor who took his blood and urine.

Petition, Docket Entry No. 1, at 7-8.

## II. The One-Year Statute of Limitations

This action is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) because the petition was filed after April 24, 1996. The AEDPA states in part:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

As stated above, Smith did not file a PDR after the First Court of Appeals affirmed his conviction on September 27, 2001. Under § 2244(d)(1)(A), Smith's conviction became final on October 29, 2001, the last day he could have filed a timely PDR.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (the limitations period commenced when the thirty day period for filing a PDR in state court ended), *citing* TEX. R. APP. PROC. 68.2(a). Therefore, Smith had until October 29, 2002, to file his federal petition. *Id*. The one-year period would be tolled if he filed a state habeas application before the period expired. 28 U.S.C. § 2244(d)(2).

---

[1] October 27, 2001, fell on a Saturday. October 29, 2001, was the first working day a PDR could have been filed. *See* TEX. R. APP. P. 4.1(a).

Smith's state habeas application was filed on June 9, 2003, more than nineteen months after the conviction became final, and seven months after the period of limitation expired. Consequently, the habeas proceeding did not toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The habeas application was dismissed on October 29, 2003. Another six months elapsed before the pending federal petition was filed on April 28, 2004. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In total, Smith's federal habeas petition was filed nearly twenty-eight months after the conviction became final and almost sixteen months after the habeas limitations period had expired. 28 U.S.C. § 2244(d)(1) (A).

There is no indication that Smith was subject to any state action which impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based or that Smith's federal habeas petition is based on a factual predicate that could not have been discovered before the commencement of the limitations period. 28 U.S.C. § 2244(d)(1)(C),(D).

Smith concedes that his habeas petition is untimely. *See* Petition, Docket Entry No. 1, at 14. However, he argues for equitable tolling because his retained attorney filed a state writ application but failed to perform the necessary follow up procedures. *Id*.; *see also* Smith's Rebuttal to State's Motion for Summary Judgment, Docket Entry No. 9. Smith has submitted documents (Attachments to Docket Entry No. 9) which indicate that Smith's state habeas application was not properly filed and that his attorney was later disciplined for his professional misconduct. *Id*. at 14-15.

Smith contends that he is entitled to equitable tolling. The court may afford a petitioner equitable tolling because the limitations period does not operate as a jurisdictional bar. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The habeas limitations period is subject to equitable

tolling "'when strict application of the statute of limitations would be inequitable.'" *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *quoting Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995). However, equitable tolling is applied only in rare and exceptional circumstances. *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling is not upheld by excusable neglect. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). It is only applied where a petitioner has been actively misled by the opposing party concerning the course of the action or if he has been prevented in some extraordinary way from pursuing his remedies. *Id.*

Smith's arguments and evidence show that his attorney was dilatory in pursuing available post-conviction remedies in the state courts, and that Smith was definitely aware of his attorney's dereliction as early as April 18, 2003. *See* Smith's Letter to State Bar, Docket Entry No. 9, at 11. The state habeas application was not filed until June 9, 2003, and the pending federal habeas action was not filed until April 28, 2004, more than one year after Smith wrote his letter to the State Bar complaining of his attorney's misconduct.

Although a defendant has constitutional right to effective assistance of counsel at trial and on direct appeal, this right does not extend to habeas petitioners. *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996), *citing Pennsylvania v. Finley*, 107 S.Ct. 1990, 1993 (1987); *see also In Re Joiner*, 58 F.3d 143, 144 (5th Cir.1995) (inmate did not have a right to appointed counsel in state habeas proceedings). An attorney's error or neglect regarding post-conviction matters does not merit equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *citing Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Equitable tolling might be applied in instances where an attorney intentionally deceived his client regarding the progress of his challenge or the applicable statute of limitations. *See Riggs,* at 799, *citing United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). However, Smith can only avoid the time bar if he acted promptly after learning of his

5

attorney's failure to make an effective post-conviction challenge. *See Wynn*, at 230. Smith's evidence demonstrates that he was aware of the problem more than a year before his federal habeas petition was filed. Docket Entry No. 9, at 11. Smith can only avoid the time bar if he took immediate action to rectify his attorney's delinquency. Smith's failure to immediately file a federal habeas petition weighs against granting equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001).

The court shall **DISMISS** the petition for a writ of habeas corpus as untimely because it was filed more than one year after Smith's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### III. Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley*, at 263, *quoting Slack*, 120 S.Ct. at 1604; *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

This Court concludes that Smith is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

### IV. Conclusion

The court ORDERS the following:

1. The respondent's Motion for an Extension of Time (Docket Entry No. 6) is **GRANTED**.

2. The respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

3. This cause of action is **DISMISSED**, with prejudice, as time-barred under 28 U.S.C. § 2244(d).

4. A certificate of appealability is **DENIED**.

**SIGNED** on this 7th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE